**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leland Sam Buckinghorse,<br><br>  Petitioner,<br><br>v.<br><br>RA Heisner,<br><br>  Respondent. | No. CV-22-00979-PHX-ROS<br><br>**ORDER** |

Petitioner Leland Sam Buckinghorse filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner described his claim as brought under the Eighth Amendment, but it appears his claim is one brought under the Fifth Amendment for alleged violation of his due process rights in connection with the loss of good time credit and other sanctions. Magistrate Judge Michael T. Morrissey recommends denial of Petitioner's challenge to the loss of good time credit and other sanctions. Petitioner did not specifically object to any of Magistrate Judge Morrissey's findings of fact, but Petitioner filed a "Motion for Court Assistance" arguing the evidence supporting his disciplinary conviction was unreliable and that too much good credit time was taken from him. (Doc. 13). For the following reasons, Magistrate Judge Morrissey's recommendation will be adopted in full.

**I.     Standard of Review for Report and Recommendation**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court

must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003).

## II. Factual Background

Petitioner did not object to the factual background recited by the Magistrate Judge. Therefore, the Court accepts the Magistrate Judge's recounting of the facts. The relevant facts, in brief, are as follows.

On November 2, 2015, Petitioner was sentenced to a 210-month term of imprisonment for a second-degree murder conviction in the District of Arizona. (Doc. 10-1 at 2). Since November 24, 2015, Petitioner has been incarcerated at the Federal Correctional Institution in Phoenix, Arizona. (*Id.*) The Petition arises from disciplinary sanctions imposed during Petitioner's incarceration. (Doc. 1).

On December 4, 2019, Petitioner received an incident report charging him with possession of narcotics. (Doc. 10-1 at 14). The report stated:

> On 11-23-2019, at approximately 1:40 P.M., during a search of cell 192 in Pima B, assigned to inmate[s] Buckinghorse, Leland . . . staff discovered three suspicious pieces of cardboard envelope, orange in color, with stained, white labels. The staff also discovered a stained label with an address written in blue ink. These items were located in the cell's common area, and appeared as they were soaked in a liquid (unidentified substance) and dried. The staff turned in the items to the SIS Office. On 11-24-2019 at 8:20 A.M., I tested a piece of the cardboard envelope with NIK test kit A, which resulted in a positive test for opium alkaloids (purple color). I proceeded to test the substance with test Kit U, which resulted in positive test for amphetamine (burgundy color). I concluded with test kit K, which resulted in a positive test for heroin (green to purple). By having narcotics inside his cell, inmate Buckinghorse is in direct violation of Prohibited Act Code 113.

(Doc. 10-1 at 14). An investigating officer advised Petitioner of his rights, including the right to remain silent. (*Id.* at 15). Upon review by the Unit Discipline Committee (UDC), Petitioner told the UDC that "[t]hese tests are false and I want the test sent out to a lab for a correct reading. There are absolutely no drugs on that card." (*Id.*) The UDC referred the charge to the Discipline Hearing Officer (DHO) for a hearing based on the severity of the prohibited act. (*Id.*)

A DHO hearing was held on December 12, 2019, after Petitioner acknowledged his rights. (*Id.*) At the hearing, Petitioner stated the cardboard belonged to him but the substance on the card was cologne. (*Id.*) The DHO found Petitioner committed the charged act of possession of narcotics based on the greater weight of the evidence. (*Id.* at 12). The DHO revoked 41 days of good-conduct time, imposed 30 days of disciplinary segregation, suspended visitation rights for two years and suspended facilities detail for one year. (*Id.*)

Petitioner attempted to appeal the DHO's decision. (*See* Doc. 10-2). He filed an appeal with the Western Regional Office on January 31, 2020, but the Regional Director rejected the appeal because it was not filed on the correct form and Petitioner attached more than one continuation page. (Doc. 10-2 at 5, 8). Petitioner re-submitted his appeal on March 31, 2020, and on April 20, 2020, the Regional Director asked Petitioner to re-submit his original appeal from January because the Regional Director had misplaced it. (*Id.* at 11). Seemingly without waiting for a response, the Regional Director denied the March 31 appeal on April 29, 2020. (*Id.* at 8). Petitioner re-submitted his appeal yet again, but the Regional Director denied it as having been submitted to the wrong administrative level on June 11, 2020. (*Id.* at 9). Petitioner re-submitted his appeal twice more with the same rejection reasons from the Regional Director. (*Id.* at 9-17).

On May 10, 2021, Petitioner ultimately filed an appeal to the General Counsel, which was rejected because: (i) it was untimely; (ii) Petitioner did not provide a copy of the regional appeal; (iii) Petitioner did not submit the proper number of continuation pages; and (iv) Petitioner did not provide a staff memorandum explaining why the submission delay was not Petitioner's fault. (Doc. 10-2 at 5, 10).

Petitioner thereafter filed this petition for writ of habeas corpus, asserting it was "cruel and unusual punishment" to find him guilty of the disciplinary charge because he is actually innocent, that putting cologne on a card is not a prohibited act and that the test kits provided false results, and that he has exhausted his administrative remedies. (*See* Doc. 1; Doc. 5 at 1). Respondent asserts the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies and his due process rights were not violated. (Doc.

10 at 6-12). Petitioner did not file a reply.

**III.     Exhaustion**

Magistrate Judge Morrissey correctly identified the principles of exhaustion, and the Court agrees that Petitioner has not successfully exhausted his administrative remedies because his appeal to the General Counsel was rejected as untimely and not in compliance with procedural rules. (Doc. 12 at 7). However, the Court also agrees with the Magistrate Judge that waiver of the exhaustion requirement is warranted in this case. *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). "Although courts have discretion to waive the exhaustion requirement when it is prudentially required, this discretion is not unfettered." *Id.* A "key consideration" in whether a court should exercise that discretion is "whether 'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme.'" *Id.* (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990)). Respondent did not object to the Magistrate Judge's findings and recommendation on waiving the exhaustion requirement.

Petitioner tried to appeal the DHO determination multiple times. First, the Regional Director "misplaced" his original appeal, but then denied his appeal regardless. When Petitioner re-submitted his appeal to the regional office, he was told he had filed in the wrong administrative level and that Petitioner "should have filed at the institution, regional office, or central office level." (*See* Doc. 10-2 at 11). Petitioner tried to appeal twice more with the same result. Finally, he appealed to the General Counsel, who ruled his petition untimely. Under these circumstances, the Court agrees with the Magistrate Judge that discretion to waive the exhaustion requirement should be exercised. *See Laing*, 370 F.3d at 998.

**IV.     Discussion**

Petitioner described his claim as brought under the Eighth Amendment, but it appears his claim is one brought under the Fifth Amendment for alleged violation of his due process rights in connection with the loss of good time credit and other sanctions. Because Petitioner challenges the loss of good-time credit, and thus the duration of his

confinement, he presents a cognizable federal habeas claim. *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (overruled on other grounds by *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016)).

Petitioner argues the substance on the cardboard was cologne used to make an air freshener, and that the drug test kits yielded false positive results so he was entitled to lab testing of the cardboard to verify the results. (Doc. 1 at 4, 10-11). The Magistrate Judge concluded Petitioner is not entitled to habeas relief, because the record before the DHO contained "some evidence" supporting the conclusion reached by the disciplinary board. *See Superintendent, Corr. Inst. v. Hill*, 472 U.S. 445, 454-55 (1985). The Magistrate Judge declined to re-weigh the evidence and give greater weight to Petitioner's testimony that he was innocent. The Magistrate Judge also concluded due process does not guarantee outside testing or re-testing of positive samples.

Petitioner has made no other arguments, in either his original petition or in his "Motion for Court Assistance," regarding any denial of his due process. In his "Motion for Court Assistance," Petitioner recites his previous arguments that he was innocent, that there were no drugs on the cardboard, and that the cardboard should be retested at an outside lab. However, Petitioner has not provided any basis for overturning the DHO's decision based on a denial of due process. Accordingly, the Court agrees with the Magistrate Judge that Petitioner is not entitled to relief on his claim challenging the disciplinary proceeding which resulted in the loss of good credit time and other privileges.

## V.     Additional Loss of Good Conduct Time

Petitioner filed a "Motion for Court Assistance" in response to Magistrate Judge Morrissey's Report and Recommendation. (Doc. 13). In that motion, Petitioner argues the computation of his good credit time was incorrectly calculated after his hearing. He "understand[s] that 41 days were taken from [him]," but he contends "there are currently 41 additional days that are not accounted for." (Doc. 13 at 1). In short, Petitioner claims his release date before this disciplinary proceeding was October 5, 2029. His current release date is projected to be December 26, 2029, which he argues is 82 days from his previous

release date.

In response to this motion, and to allow for complete resolution of Petitioner's claim for relief, the Court ordered Respondent to explain whether more than 41 days of good credit time were taken from Petitioner in connection with this disciplinary charge. (Doc. 14). Respondent filed a "Supplement to Return and Answer" providing additional information as ordered. (Doc. 15). Respondent stated Petitioner has lost a total of 48 days of good credit time: 41 days for the charge in this petition, and 7 days for an additional incident. (Doc. 15 at 1; Doc. 15-1 at 6). Respondent asserts all of Plaintiff's earned and projected good credit time, minus the loss of 48 days, are reflected in Petitioner's current projected release date of December 26, 2029. (Doc. 15 at 2). Respondent finally states, "[i]t is unclear why Petitioner believes that at some point his projected release was October 5, 2029," as "[n]othing in BOP's records reflects that Petitioner's projected release date was ever October 5, 2029." (*Id.*)

Based on Respondent's representations, Petitioner's argument that he lost 82 days instead of 41 is incorrect. Because there is no basis for setting aside the disciplinary conviction and the correct penalty was imposed, Petitioner is not entitled to relief.

Accordingly,

**IT IS ORDERED** Petitioner's Motion for Court Assistance is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** the Report and Recommendation (Doc. 12) is **ADOPTED IN FULL** and the Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREUDICE**. The Clerk of Court shall enter judgment accordingly.

Dated this 4th day of April, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge